MANGER HOTEL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12882. Promulgated March 24, 1948.

*F. W. Oberkirch, C. P. A.*, for the petitioner.
*Scott A. Dahlquist, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $44.43 in income tax and one of $15,192.88 in excess profits tax for the fiscal year ended July 31, 1943. The only issue for decision is whether

he erred in treating certain expenditures as capital items subject to depreciation, instead of allowing them to be deducted as ordinary and necessary expenses. The facts have been stipulated.

The petitioner, a corporation, filed its returns for the period in question with the collector of internal revenue for the third district of New York. It keeps its books and files its returns on an accrual basis.

The petitioner, as lessee, entered into a lease on January 4, 1935, with the North Station Hotel Building, Inc., as lessor, under which it rented the building known as Hotel Manger, in Boston, for a term of 21 years. The lease also covered "all furniture, furnishings, bedding, glass and silverware, linens, dishes, kitchen equipment, utensils, and all other chattels contained therein."

The petitioner agreed, in paragraph XII of that lease, that it would:

\* \* \* at its own expense currently maintain and replace all of the furnishings, fixtures and equipment now or hereafter located or used in connection with the demised premises and all appurtenances thereunto belonging or appertaining (in so far as the Lessee may have control of the same except as in this lease otherwise provided) in good and substantial repair and condition and in good order and condition.

Paragraph XIX of the lease was as follows:

The Lessee shall have the right from time to time to cause to be installed in said demised premises such furniture, furnishings and equipment (in addition to such furniture, furnishings and equipment as may be required to replace or renew such furniture, furnishings and equipment as may be located in said demised premises at the time of delivery of possession thereof, which replacements or renewals shall forthwith upon installation become the property of the Lessor) as it may see fit, and it shall have the right to remove, change or exchange the same; provided, however, that before installing any furnishings and equipment the whole or any part of which must be so attached as to require any changes in the structure of the buildings located on said demised premises, the written consent of the Lessor to the installation of any such furnishings and equipment must in each instance and on each occasion be first obtained, the Lessor agreeing that it will not unreasonably withhold its consent to such additional furnishings and equipment so installed by the Lessee, and any and all such furniture, furnishings and equipment (not including replacements or renewals of property located in the demised premises at the time of delivery of possession thereof) including those consented to by the Lessor pursuant to the provisions hereof, so far as the Lessor is concerned and has the right so to agree (if detachable or removable without substantial physical damage to the building or structure), shall be and remain personal property and the property of the Lessee or its licensors.

The Commissioner, in determining the deficiency, added to income as disclosed by the return $16,964.80 which he described as equipment items charged to expense in the amount of $18,132.33, less depreciation of $1,167.53. He gave the following explanation for that adjustment:

(a) It is held that the cost of equipment which has a life of substantially more than one year, may not be taken as a deduction in the year of purchase but should be capitalized and recovered over its normal useful life since such period is less than the unexpired term of the lease.

| Capital Item | Amount | Depreciation |
|---|---|---|
| Blankets, Bedding and Mattresses_____ | $925.60 | $77.13 |
| Carpets and Rugs_____ | 7,938.97 | 661.57 |
| Kitchen Equipment_____ | 1,400.37 | 70.02 |
| Curtains_____ | 1,622.86 | 67.62 |
| Draperies_____ | 2,523.70 | 105.15 |
| Furniture and Fixtures_____ | 3,720.83 | 186.04 |
| | 18,132.33 | 1,167.53 |

It is stipulated that "the petitioner expended $18,132.33 for new carpets, furniture, equipment, etc."

The petitioner contends that the total of $18,132.33 was deductible from income of the taxable year as ordinary and necessary expenses incurred during the taxable year in carrying on its business, within the meaning of section 23 (a) (1) (A). The Commissioner has determined that these items are not ordinary and necessary expenses deductible under that provision, but are capital expenditures, the cost of which is to be recovered through depreciation. The determination of the Commissioner is presumed to be correct until the contrary is shown. The meager stipulation of facts fails to show any error in the Commissioner's determination.

"Decision of the question of whether or not an expenditure should be classified as capital or expense depends upon the exercise of judgment in the light of circumstances and good accounting principles." *W. P. Brown & Sons Lumber Co.*, 26 B. T. A. 1192. One taxpayer might be justified in capitalizing an expenditure for a mattress or a rug, whereas another, operating on a larger scale and with substantially identical recurring expenditures, might be justified in deducting the expenditure as an expense, if it consistently followed such a system of accounting and reporting its income. Cf. *Superior Pocahontas Coal Co.*, 7 B. T. A. 380.

The stipulation does not show whether the expenditures here in question were made under paragraph XIX or under paragraph XII of the lease, whether the petitioner made similar expenditures in other years, the amount of such expenditures, if any, its experience in regard to the life of such articles, whether it carried any capital accounts covering similar articles, or what its accounting practice was in regard to similar expenditures. The Commissioner has taken the position that this equipment had a life of substantially more than one year. Obviously, the cost of any such equipment purchased under paragraph XIX of the lease would not be deductible as an ordinary and necessary expense. That would represent a new and additional capital expenditure by the petitioner to acquire property to be owned by it, the cost of which would be recovered by deductions for depreciation. If the record showed that these expenditures were made under paragraph XII

rather than under paragraph XIX, similar expenditures in substantially the same amount had been made year after year since the petitioner began operating under the lease, none of which had been capitalized, such items had relatively short lives in the hotel, and the petitioner might expect to have to make similar expenditures in subsequent years, then it might appear that the Commissioner erred in failing to allow a deduction under some provision of the Internal Revenue Code for such expenditures for the taxable year. But no error appears in the Commissioner's determination in the absence of some such proof.

*Decision will be entered for the respondent.*