Manger Hotel Corporation v. Commissioner.
Manger Hotel Corp. v. Commissioner
Docket No. 21107.
United States Tax Court
1950 Tax Ct. Memo LEXIS 87; 9 T.C.M. (CCH) 873; T.C.M. (RIA) 50238; September 29, 1950
*87 1. Petitioner was in the taxable year the lessee of a hotel property completely furnished. Under the lease it was obligated to currently replace at its own expense furnishings, fixtures, and equipment which should become no longer serviceable. Such replacements were to become immediately the property of the lessor. Held, petitioner is entitled to deduct as business expenses the cost of certain replacements which were made in the taxable year. 2. Under another clause of the lease petitioner had the right from time to time to install furnishings, fixtures, and equipment which were not replacements and which should remain the property of petitioner. Under this clause of the lease petitioner purchased in the taxable year a mangle and washing machine. Held, the cost of such machine was not deductible as a business expense but should be capitalized and the cost thereof recovered by way of depreciation. Frederick Schwertner, Esq., and F. W. Oberkirch, C.P.A., 330 West 42nd St., New York 18, N.Y., for the petitioner. Scott A. Dahlquist, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's *88 excess profits tax for the fiscal year ending July 31, 1944, of $2,007.16. The deficiency is due to the following adjustments made by the Commissioner to petitioner's net income as disclosed by its return: Unallowable deductions and additional
income
(a) Capital expenditures
$4,916.90
Nontaxable income and additional
deductions
(b) Additional depreciation
$2,791.18
To these adjustments petitioner assigns error as follows: "a. The Commissioner erroneously increased Petitioner's income by $4,460.78 which amount is arrived at by the Commissioner's erroneous disallowance of equipment items charged to expense amounting to $4,781.28 and his erroneous allowance of depreciation thereon in the sum of $320.50." The individual items comprising the above amounts are as follows: Unallowable
Depre-
Deductions
Amount
ciation
Furniture and Fixtures
$1,658.00
$ 82.90
Carpets and Rugs
2,579.03
214.92
Draperies
544.25
22.68
Total
$4,781.28
$320.50
Findings of Fact Most of the facts were stipulated and as stipulated are adopted as a part of our findings of fact. The petitioner, Manger Hotel Corporation, is a corporation with its principal *89 office in New York City and a place of business at Hotel Manger, North Station, Causeway and Nashau Streets in the City of Boston, Commonwealth of Massachusetts. Petitioner was organized January 3, 1935 under the laws of the Commonwealth of Massachusetts. Petitioner filed its income tax return on Form 1120 and its excess profits tax return on Form 1121 for the fiscal year ended July 31, 1944, with the collector of internal revenue for the third district of New York. It keeps its books and files its tax returns on an accrual basis. Petitioner entered into a written lease on January 4, 1935 with the North Station Hotel Building, Inc., having its principal place of business in the City of Boston, Suffolk County, in the Commonwealth of Massachusetts, under which lease the petitioner rented the building, together with the furnishings, fixtures and equipment, known as Hotel Manger, Boston, Massachusetts, from the North Station Hotel Building, Inc., for a term of 21 years from the first day of August 1934 to the 31st day of July, 1955, at a certain annual rental. The lease was in effect during the taxable year in question. The hotel was furnished and equipped by the lessor. The lease *90 included also "all furniture, furnishings, bedding, glass and silverware, linens, dishes, kitchen equipment, utensils, and all other chattels contained therein." The hotel was completely furnished and equipped at the time the lease was made. The petitioner agreed, in paragraph XII of that lease, that it would: "* * * at its own expense currently maintain and replace all of the furnishings, fixtures and equipment now or hereafter located or used in connection with the demised premises and all appurtenances thereunto belonging or appertaining (in so far as the Lessee may have control of the same except as in this lease otherwise provided) in good and substantial repair and condition and in good order and condition. * * *" Paragraph XIX of the lease was as follows: "XIX. The Lessee shall have the right from time to time to cause to be installed in said demised premises such furniture, furnishings and equipment (in addition to such furniture, furnishings and equipment as may be required to replace or renew such furniture, furnishings and equipment as may be located in said demised premises at the time of delivery of possession thereof, which replacements or renewals shall forthwith *91 upon installation become the property of the Lessor) as it may see fit, and it shall have the right to remove, change or exchange the same; provided, however, that before installing any furnishings and equipment the whole or any part of which must be so attached as to require any changes in the structure of the buildings located on said demised premises, the written consent of the Lessor to the installation of any such furnishings and equipment must in each instance and on each occasion be first obtained, the Lessor agreeing that it will not unreasonably withhold its consent to such additional furnishings and equipment so installed by the Lessee, and any and all such furniture, furnishings and equipment (not including replacements or renewals of property located in the demised premises at the time of delivery of possession thereof) including those consented to by the Lessor pursuant to the provisions hereof, so far as the Lessor is concerned and has the right so to agree, (if detachable or removable without substantial physical damage to the building or structure), shall be and remain personal property and the property of the Lessee or its licensors." The Hotel Manger was originally *92 opened in 1930 and has been operated as a hotel continuously since that time. It is a 19-story building and has 484 sleeping rooms in addition to coffee shop, soda bar, tap room, cocktail lounge, main dining room, another cocktail lounge called the Bay State Room, cigar stand, banquet and meeting rooms, barber shop, beauty parlor, shops and offices. Prior to the lease in question, the hotel was leased to the Gateway Hotel Company, a corporation which was owned by the Manger interests. An audit was made of the petitioner's tax returns for the fiscal year ended July 31, 1944, and the revenue agent in his report showed the following: SCHEDULE 1
Net Income as disclosed by return
$64,011.16
As corrected
68,125.53
Net adjustment as computed below
$ 4,114.37
Unallowable deductions and additional income: (a) Furniture and Fixtures
$2,181.00
(b) Carpets and Rugs
4,206.45
(c) Draperies
544.25
$ 6,931.70
Nontaxable income and additional deductions: (d) Depreciation allowed
$2,817.33
$ 2,817.33
Net adjustment as above
$ 4,114.37
SCHEDULE 1A EXPLANATION OF ITEMS (a) Furniture and Fixtures
$2,181.00
To capitalize following items: August 31, 1943
Cash Register
$ 523.00
Dec. 31, 1943
Cash Register
549.50
March 31, 1944
Calculating Machine
160.00
June 30, 1944
Cash Register
633.50
Dec. 31, 1943
Mangle and Washing Machine
315.00
$2,181.00
(b) Carpets and Rugs
$4,206.45
To capitalize the following items: August 31, 1943
Voucher #105
$1,095.89
October 31, 1943
Voucher #564
310.00
November 30, 1943
Voucher #713
896.28
March 31, 1944
Voucher #1654
659.25
April 30, 1944
Voucher #1919
586.86
July 31, 1944
Voucher #2631
658.17
$4,206.45
$ 544.25
(c) Draperies
To capitalize the following items: Sept. 30, 1943
Voucher #235
$ 177.00
Dec. 31, 1943
Voucher #998
367.25
$ 544.25
(d) Depreciation Allowed
$2,817.33
*93 To allow depreciation as follows: Annual
1/2
Item
Life
Amount
Deprec.
Deprec.
Furniture and Fixtures
10 Yr.
$2,181.00
$218.10
$109.05
Carpets and Rugs
6 Yr.
4,206.45
701.09
350.54
Draperies
12 Yr.
544.25
45.35
22.68
$6,931.70
$964.54
$482.27
Depreciation on capitalization of prior year's expenditures (Revised)
$2,335.06
$2,817.33
In a conference with the Internal Revenue Agent's office, the item cash register $523 under furniture and fixtures, and the items, voucher #564, $310, voucher #1654, $659.25 and voucher #2631, $658.17, under carpets and rugs, were allowed as expenses. On September 7, 1948, the Commissioner of Internal Revenue mailed a notice of deficiency to petitioner, in which a deficiency in excess profits taxes of $2,007.16 for the fiscal year ended July 31, 1944 was determined. This deficiency is predicated upon the net addition by the Commissioner to the petitioner's net income for the fiscal year ended July 31, 1944 of the following items: (a) Items charged to expense which should be capitalized: Furniture and Fixtures
$1,658.00
Carpets and Rugs
2,714.65
Draperies
544.25
$4,916.90
*94 Furniture and fixtures in the amount of $1,658, as set forth above, consisted of the following items: Voucher #1122
Cash Register
$549.50
Voucher #1738
Calculating Mch.
160.00
Voucher #2347
Cash Register
633.50
Voucher #1114
Mangle & Wash. Mch.
315.00
$1,658.00
The first three items, voucher #1122 cash register $549.50, voucher #1738 calculating machine $160 and voucher #2347 cash register $633.50, were replacements under paragraph XII of the lease, while voucher #1114 mangle and washing $315machine represented additional property under paragraph XIX of the lease. The items designated as carpets and rugs, and as draperies above, represented replacements. During the taxable year in question, the petitioner made expenditures for furniture and fixtures, including the aforesaid sum of $1,658. During the taxable year in question, it also made expenditures for carpets and rugs which were replacements of $2,579.03 Again during the taxable year in question, the petitioner made expenditures for draperies, including the aforesaid sum of $544.25. Replacements have been made each year from the fiscal year ended July 31, 1935 to the present time. The petitioner *95 consistently and uniformly charged replacements to expense during the entire period from the fiscal year ended July 31, 1935, which was its first fiscal year, to the present time, and filed its tax returns accordingly. Opinion BLACK, Judge: We have but one issue in this case to decide and that is whether the petitioner, as lessee of a fully furnished and equipped hotel, is entitled to deductions for tax purposes for the fiscal year ended July 31, 1944 for expenditures made for replacements of furnishings, furniture and equipment which it was obligated to make at its own expense under the terms of the lease, which replacements upon installation became the property of the lessor and could not be removed from the hotel by the lessee at any time. Since the hearings were held in New York City, the Commissioner makes the following concessions in his brief. "In view of the proof adduced by the petitioner in the trial of the case, respondent now concedes, with the exception of one item hereinafter referred to, that petitioner is entitled to charge off as items of expense the bulk of the deductions claimed in its returns. Specifically, respondent concedes that petitioner is entitled *96 to deduct as expense the amount of $4,601.90 out of the total claimed of $4,916.90, which leaves a balance of $315.00 to be disallowed." Thus it becomes unnecessary to discuss any other item included in petitioner's assignment of error except the cost of a "Mangle and Washing Machine $315.00." That is the item which respondent still contends is not deductible and should be capitalized. As to this item we sustain respondent. Our findings of fact as to this item show that it was not a replacement under paragraph XII of the lease but represented additional property purchased under paragraph XIX of the lease. Inasmuch as the item covered the cost of additional equipment, it would be controlled by paragraph XIX of the lease, which provides that title to such additional equipment would remain in the lessee. This was clearly stated by this Court in the case of this same petitioner for its immediately preceding year in Manger Hotel Corporation, 10 T.C. 520, wherein the Court said: "* * * Obviously, the cost of any such equipment purchased under paragraph XIX of the lease would not be deductible as an ordinary and necessary expense. * * *" It is appropriate to state at *97 this point that in the former proceeding involving another taxable year of this same taxpayer, Manger Hotel Corporation, supra, the Commissioner was upheld because the case was tried on a meager statement of facts without the introduction of any oral or documentary proof and the Tax Court felt there was a failure of proof and that under such circumstances the Commissioner would have to be sustained. In pointing out that there was a failure of proof in that case we said: "The stipulation does not show whether the expenditures here in question were made under paragraph XIX or under paragraph XII of the lease, whether the petitioner made similar expenditures in other years, the amount of such expenditures, if any, its experience in regard to the life of such articles, whether it carried any capital accounts covering similar articles, or what its accounting practice was in regard to similar expenditures. The Commissioner has taken the position that this equipment had a life of substantially more than one year. Obviously, the cost of any such equipment purchased under paragraph XIX of the lease would not be deductible as an ordinary and necessary expense. That would represent *98 a new and additional capital expenditure by the petitioner to acquire property to be owned by it, the cost of which would be recovered by deductions for depreciation. If the record showed that these expenditures were made under paragraph XII rather than under paragraph XIX, similar expenditures in substantially the same amount had been made year after year since the petitioner began operating under the lease, none of which had been capitalized, such items had relatively short lives in the hotel, and the petitioner might expect to have to make similar expenditures in subsequent years, then it might appear that the Commissioner erred in failing to allow a deduction under some provision of the Internal Revenue Code for such expenditures for the taxable year. But no error appears in the Commissioner's determination in the absence of some such proof." In the instant case we have much additional evidence which is relevant and material and, as already stated, the Commissioner concedes that under this evidence petitioner is entitled to deduct $4,601.90 of the amount which it claims as having been expended in replacements. We do not understand petitioner to any longer contend that the particular *99 item of mangle and washing machine is deductible but if we are mistaken about that and if petitioner does still contend that such item is deductible, we hold against such contention. It is clearly not a deductible item but under the facts and circumstances of this case should be capitalized. See Manger Hotel Corporation, supra. Respondent in the concluding paragraph of his brief says: "In view of respondent's concession as above stated, it follows that there will have to be a readjustment of the amount of additional depreciation allowable. This is patently true inasmuch as respondent in the notice of deficiency allowed some additional depreciation for the taxable year on the items which he disallowed as expense for such year. Such an adjustment to the allowable depreciation is in line with petitioner's assignments of error in subparagraph (a) of paragraph 4 of the petition, which reads in part as follows: "* * * and his erroneous allowance of depreciation thereon in the sum of $320.50." Respondent is correct in stating there will have to be a recomputation of depreciation under Rule 50. As already pointed out, respondent in his deficiency notice disallowed the *100 deduction as business expenses of items aggregating $4,601.90 which we have found were replacement items. He did allow petitioner depreciation on these items and inasmuch as he now concedes that the cost of these replacement items should be allowed as deductible business expenses, it naturally follows that no depreciation should be allowed on these same items. To do so would amount to a double deduction in so far as the amount of depreciation is concerned. Therefore, in a recomputation under Rule 50 no depreciation should be allowed on these items aggregating $4,601.90. Decision will be entered under Rule 50.