GRADY OLEN KLUTZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klutz v. Commissioner
Docket No. 11022-75.
United States Tax Court
T.C. Memo 1979-169; 1979 Tax Ct. Memo LEXIS 358; 38 T.C.M. (CCH) 724; T.C.M. (RIA) 79169; April 30, 1979, Filed *358 Held: The deductibility of various business expenses and itemized deductions determined. Grady Olen Klutz, pro se. Roger D. Osburn and Stuart B. Kalb, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1973 in the amount of $2,459.97. The issues in this case arise as a result of adjustments made by respondent in his statutory notice of deficiency to petitioner dated October 1, 1975, disallowing a number of business expenses and itemized deductions claimed by petitioner on his 1973 tax return. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with exhibits attached thereto, are incorporated herein by this reference. Petitioner, Grady Olen Klutz, was a resident of Lincolnton, North Carolina, at the time of filing his petition herein. He filed his return (married, *360 filing separately) for 1973 with the Internal Revenue Service Center in Memphis, Tennessee. During the taxable year 1973, he earned $18,000 as a pilot for Cellu Products Company.He also earned $100 flying for Cannon Aviation Co., Inc. On petitioner's Federal income tax return for 1973, he claimed business expenses of $8,815.36. Of this amount, $7,978.61 was disallowed by respondent because petitioner had not established that any amount in excess of $836.75 constituted an ordinary and necessary business expense. The amounts claimed, allowed and disallowed are as follows: Item
Claimed
Allowed
Disallowed
Office expense $ 770.28
$308.11 $ 462.17
Office help & cleaning
300.00
0
300.00
Adding machine
75.00
0
75.00
Supplies, stamps
85.00
50.00
35.00
Flight equipment
70.00
0
70.00
Gifts & entertainment
405.00
0
405.00
Travel expense
1,928.00
0
1,928.00
Apartment rent & expense
1,543.08
0
1,543.08
Auto & driver expense
3,175.50
0
3,175.50
Other expense
463.50
463.64
[ .14]
Depreciation (adding
macine)
0
15.00
[ 15.00]
Total
$8,815.36
$836.75
$7,978.61
Petitioner also claimed $3,313.24 as itemized deductions *361 on his 1973 return. Of this amount, respondent disallowed $913.20 in his statutory notice of deficiency on the basis that petitioner had not established that any amount in excess of $2,400.04 constituted an allowable deduction, or was expended for the purpose designated. The amounts claimed, allowed, and disallowed are as follows: Item
Claimed
Allowed
Disallowed
Medical $ 854.00 $ 307.61
$546.39
Contributions
790.74
454.04
336.70
Taxes
1,152.26
1,122.15
30.11
Interest
516.24
516.24
0
Total
$3,313.24
$2,400.04
$913.20
Of the $462.17 disallowed office expenses, $385.14 was disallowed because petitioner had deducted that amount twice. Petitioner now concedes that $385.14 is not allowable. The remainder of the difference is due to respondent's use of a 20 percent figure for petitioner's home office deduction rather than the 25 percent figure used by petitioner. Petitioner deducted the purchase price of a used adding machine on his 1973 return. Respondent disallowed that deduction, requiring petitioner instead to depreciate said machine over five years. The cost of "supplies, stamps" was estimated by petitioner on his return. *362 The $405 deducted for gifts and entertainment was in part a $100 expenditure for a Christmas party given at Cannon Aviation Co., Inc., and a $55 expenditure for individual gifts to airport personnel. The latter expenditure was made because it was necessary for pilots to establish a good working relationship with airport personnel. As for the $100 expenditure, it appears that pilots often perform services for others when those services do not conflict with normal employment. Petitioner made such a gift in order to promote a continuing relationship with Cannon Aviation. Petitioner did have documentation of the $100 expenditure as having been made. The auto and driver, and apartment rent expenses reflect petitioner's cost of his transportation to and from work.The rental expenses were apparently incurred in order to provide a place for his wife to stay while petitioner was working because petitioner maintained his permanent residence at some distance from his normal place of employment. Included in these figures, among other things, were salaries paid to drivers, apartment rent and mileage. Petitioner maintained a record book which purportedly documented the mileage driven to *363 and from work. The travel expense of $1,928, which respondent disallowed in full, was basically petitioner's expense while away from home. Some portion of this expense was not for overnight travel. Also, it appears that petitioner was reimbursed for some of these expenditures, although no amounts appear in the record. OPINION It is unclear whether this case is a result of confusion or stubbornness on the part of petitioner. He has been audited nearly every year since 1962. Also, he has apparently been apprised of the necessity of maintaining adequate records. However, in 1973, he failed to do so. This lack of substantiation is the crux of respondent's case. With respect to a number of the deductions disallowed by respondent, petitioner introduced no evidence to support their deductibility. These were the claimed deductions of $300 for office help and cleaning, $70 for flight equipment, $250 of the $405 gift and entertainment deduction, $35 of the $85 stamp, supplies deduction, the $1,543.08 expenditure for apartment rent, and the portion of his itemized deductions which respondent disallowed. Whether we find that petitioner abandoned these issues, Bussabarger v. Commissioner,52 T.C. 819, 829 (1969), *364 or merely that he failed to meet the burden of proof which is clearly his, the result is that respondent's determination must be sustained. As to the office-in-home expense, petitioner agrees that $385.14 was properly disallowed because he inadvertently deducted it twice. The remaining discrepancy of $77.03 is a result of petitioner's use of a 25 percent figure as the proper amount of home expenses allocable to his office as against a 20 percent figure used by respondent. At trial, petitioner introduced no evidence to support his use of the 25 percent figure and we find his unsubstantiated testimony as to that figure (admittedly an estimate) insufficient to carry his burden of proof on this issue. Gino v. Commissioner,60 T.C. 304 (1973), revd. on another issue, 538 F.2d 833 (9th Cir. 1976), cert. denied, 429 U.S. 979 (1976).
Petitioner deducted the $75 purchase price of a used adding machine which he acquired during 1973. Respondent determined this amount was a capital expenditure to be depreciated over a five year period. At trial, petitioner seemed to take the position that since the cost of the adding machine was relatively *365 small, it did not need to be depreciated but rather its cost could be deducted in the year of acquisition.While it may well be appropriate in certain instances for taxpayers to deduct, in the year of acquisition, the cost of assets having a useful life in excess of one year, Cincinnati,New Orleans and Texas Pacific Railway Co. v. United States,191 Ct. Cl. 572, 424 F.2d 563 (1970), we do not believe this case constitutes such an instance. In those cases in which the deductibility of assets admittedly having a useful life in excess of one year is discussed, the relative size of the expenditure is only one factor taken into account for purposes of determining whether the assets may be currently deducted. Cincinnati, New Orleans and Texas Pacific Railway Co. v. United States,supra.See also Manger Hotel Corporation v. Commissioner,10 T.C. 520 (1948); Libby & Blouin, Ltd. v. Commissioner,4 B.T.A. 910, 914 (1926). Considering the facts in the case before us, we believe the cost of acquiring the adding machine should properly have been capitalized. With respect to the $405 deduction claimed for gifts and *366 entertainment, petitioner offered evidence only in support of $155. We have already discussed the deductibility of the remaining $250 claimed. Of the $155, $100 was a gift to Cannon Aviation Company, an organization for which petitioner performed services, for a Christmas party held for its employees. The other $55 represented expenditures by petitioner for Christmas gifts for personnel with whom he worked. We must disallow the $55 expenditure allegedly made for gifts to airline personnel as it fails the substantiation requirement of section 274(d)(3). [1] However, the $100 contribution to the Cannon Aviation Christmas party must be viewed in another light. First of all, as to substantiation, petitioner submitted two documents evidencing his expenditure. One was a paid receipt, apparently reflecting the date the expenditure was made and amount thereof, and the other was a letter from the president of Cannon Aviation thanking petitioner for his contribution toward the Christmas party. It also appears that the expenditure was ordinary and necessary thus satisfying section 162. It was an expenditure made by petitioner for the purpose of securing a business advantage therefrom. *367 For the same reason we believe the $100 expenditure was "directly related to * * * the active conduct of the taxpayer's trade or business." Section 274(a)(1)(A). Petitioner testified that it was normal for pilots to work for others when it did not conflict with their regular employment. Cannon Aviation was one company which used petitioner's services on occasion and it appears that such an expenditure would fall within the contemplation of section 1.274-2(c)(4). Finding petitioner's testimony credible in this regard, we hold the $100 expenditure to be deductible. It is clear that petitioner's claimed travel expenditures are nondeductible. This is the result of a total failure by petitioner to comply with the substantiation requirement of section 274(d)(1). See section 1.274-5, Income Tax Regs.Absent proper substantiation, we must deny said deduction.
The final item which respondent disallowed in the notice of deficiency was $3,175.50 claimed for auto and driver expenses.Apparently, these expenses were incurred as a result of petitioner's wife driving him to and *368 from work. The only evidence introduced with respect to this deduction was petitioner's testimony that mileage was accounted for in his record book. However, leaving aside the problem of whether we could decipher the notations in petitioner's record book, we cannot determine how much of the claimed mileage was personal and how much was business. A taxpayer's cost of commuting to and from his place of business or employment is considered a nondeductible personal expense. Commissioner v. Flowers,326 U.S. 465 (1946). Since we have no way of determining what portion of petitioner's travel expense was personal and what portion was business, he has failed to carry his burden of proof. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year at issue.↩